# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Grace Golden, | ) | |
| Plaintiff, | ) | Case No: 13 C 9003 |
| | ) | |
| v. | ) | |
| | ) | |
| Israel Wiznitzer, | ) | Judge Ronald A. Guzmán |
| Defendant. | ) | |

## ORDER

Grace Golden sues Israel Wiznitzer, her former business partner, for breach of a settlement and release agreement between them. Wiznitzer moves to dismiss the complaint for failure to state a claim. For the reasons stated below, the motion to dismiss [13] is granted. Civil case terminated.

## STATEMENT

**Facts**

Golden and Wiznitzer each held 125 shares of "Class A" stock of an Illinois corporation known as Midwest Clinical Research Group, Inc., a/k/a Midwest Cancer Research Group, Inc. ("MCRG"). (Compl., Dkt. # 1, ¶ 5.) Golden and Wiznitzer were the sole voting shareholders of MCRG. (*Id.* ¶ 6.) Wiznitzer resigned as an officer and director of MCRG on October 31, 2005, and Golden continued to act as the sole officer and director of MCRG. (*Id.* ¶¶ 7, 8.) MCRG was in the business of conducting clinical cancer research trials. (*Id.* ¶ 9.) In 2005, Golden filed suit on her own behalf and on behalf of MCRG against Wiznitzer captioned *Grace Golden, individually and derivatively, on behalf of Midwest Clinical Research et al. v. Israel Wiznitzer et al.*, 05 CH 142, in the Circuit Court of Cook County Illinois ("Golden Litigation"). (*Id.* ¶ 10.) Later, in July 2005, Ira Oliff and Orchard Research filed a suit against MCRG and Golden titled *Orchard Research LLC et*

*al. v. MCRG et al.*, 05 CH 11895 in the Circuit Court of Cook County, Illinois ("Orchard Litigation"). (*Id.* ¶ 11.)

On or about January 9, 2007, Wiznitzer executed a Confidential Settlement Agreement and Release ("Agreement") with Golden resolving the Golden Litigation. (*Id.* ¶ 12.) The relevant portion of the Agreement provides:

> [I]f and only if an adverse judgment is entered against Grace Golden in the litigation maintained by Ira Oliff and Orchard Research LLC piercing the corporate veil of MCRG through their currently pending [Orchard] [L]itigation . . . , and such judgment does not include an agreement or settlement, Grace Golden and Israel Wiznitzer each agree to remain fifty percent (50%) liable for the amount of any such judgment . . . .

(Agreement, Dkt. # 13-1, § 1D, at 3.)

On or about February 28, 2012, judgment in the amount of $269,679.30, exclusive of costs and attorney's fees, was entered in the Orchard Litigation against MCRG with no agreement or settlement. (Compl., Dkt. # 1, ¶ 15.) The judgment order also awarded the plaintiffs judgment against Golden on her guaranty in the amount of $134,839.65, exclusive of interests and costs. (Judgment, Dkt. # 13-2, ¶ 2.) On or about September 30, 2013, Golden made demand on Wiznitzer pursuant to the Agreement to pay her $134,839.65, or 50% of the judgment entered against MCRG. (Compl., Dkt. # 1, ¶ 17.) To date, Wiznitzer has refused to pay Golden. (*Id.* ¶ 18.)

**Analysis**

"Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local contract law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000). "When interpreting a contract, '[t]he primary objective of the court is to determine and give effect to the intent of the parties as expressed in the language of the [contract].'" *A.T.N., Inc. v. McAirlaid's Vliesstoffe GmbH & Co. KG*, 557 F.3d 483, 485 (7th Cir. 2009) (citation omitted). "If

the words in the contract are clear and unambiguous . . . they must be given their plain, ordinary and popular meaning." *Bank of Am., N.A. v. Oberman, Tivoli & Pickert, Inc.*, --- F. Supp. 2d ----, 2014 WL 293662, at *3 (N.D. Ill. Jan. 22, 2014) (citation and internal quotation marks omitted). The Court determines whether, as a matter of law, the contract language is ambiguous. *Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379 (7th Cir. 2009). "The interpretation of an unambiguous contract is a question of law that can be decided at the motion to dismiss stage." *De Lage Landen Fin. Servs., Inc. v. M.D.M. Leasing Corp.*, No. 07 C 0045, 2007 WL 4355037, at *2 (N.D. Ill. Dec. 10, 2007). Wiznitzer contends that the plain and unambiguous language of the contract undermines Golden's claim. The Court agrees. The language of the Agreement is clear: "*[I]f and only if* an adverse judgment is entered against *Grace Golden* in the litigation maintained by Ira Oliff and Orchard Research LLC *piercing the corporate veil* of MCRG . . . ." (Agreement, Dkt. # 13-1, § 1D, at 3) (emphasis added). As noted above, the judgment order, of which the Court takes judicial notice, expressly states that the only judgment entered against Golden individually was "on her guaranty," not based on any piercing of the corporate veil. (Judgment, Dkt. # 13-2, ¶ 2.) The language of the contract is clear and unambiguous and does not encompass the relief sought by Golden.

Golden's lengthy explanation as to why Wiznitzer's interpretation of the Agreement language is illogical and contrary to his liability for MCRG's debts and reason for the settlement is unavailing given the unambiguous language of the Agreement. *Harmon v. Gordon*, 712 F.3d 1044, 1049-50 (7th Cir. 2013) (if language of contract is unambiguous, it will be given its plain and ordinary meaning and enforced as written, without reference to extrinsic evidence).

**Conclusion**

For the reasons stated above, the motion to dismiss [13] is granted. Civil case terminated.

**Date**   April 2, 2014

_____

**Ronald A. Guzmán**
**United States District Judge**